THE STATE OF VERMONT *v.* GEORGE C. FLETCHER.

*Criminal law. Breaking jail.*

It is an offence under the statute against breaking open a jail, (Comp. Stat., chap. CVI, sec. 11, p. 555,) for a prisoner confined alone in jail to break it open that he may escape.*

INDICTMENT for breaking jail. The indictment charged that the respondent, " on the 10th of November, 1858, was a prisoner confined in the common jail at Irasburgh, in Orleans county, by

---

* Which statute is as follows: " Every person who shall directly or indirectly break open, or counsel aid or assist in breaking open, or shall attempt to break open, or counsel aid or assist in attempting to break open any jail or place of confinement, in which any person shall be confined by the authority of this State, shall be punished, etc., etc."

and under the authority of the State of Vermont, and then and there, well knowing the premises, with force and arms, unlawfully did break open and counsel aid and assist divers other ill disposed persons (to the jurors aforesaid as yet unknown) in breaking open the jail aforesaid, while the said George C. Fletcher was a prisoner therein, as aforesaid; thereby enabling the said George C. Fletcher to escape from the said jail and to go at large whithersoever he would; and whereby the said George C. Fletcher did escape from the said jail, and go at large whithersoever he would, contrary to the form, force and effect of the statute, etc., etc."

To this indictment the respondent demurred, but the county court, at the June Term, 1859, in Orleans county, overruled the demurrer, to which the respondent excepted. ·

*Benj. H. Steele* and *Cooper & Bartlett*, for the respondent.

*J. E. Dickerman*, State's Attorney, for the prosecution.

ALDIS J.   The respondent is indicted for breaking jail and letting himself out, and for aiding others to break open the jail that he might escape.   To the indictment there is a demurrer, and thus the question arises whether it is an offence under our statute, Comp. Stat., C. 106, sec. 11, for a prisoner confined alone in jail to break it open that he may escape.

The words of the statute are, "every person who shall break open any jail," etc.   There is no exception on behalf of the prisoner confined in the jail.   Nor can any exception be fairly implied from the language of the act.   It includes both those who from the outside and from the inside commit the criminal act.

Nor do the words "break *open,*" imply, as is claimed in argument, that those who are to commit the offence, must be on the outside.

It has been held at *nisi prius* so frequently and generally that it must be considered as the settled rule, that where a prisoner breaks open or aids in breaking open a jail so that others escape, he is an offender within this statute.   The same has been held in New York under a similar statute; 12 Johns. 339.   ·

In this State, when the prisoner who breaks jail is confined alone, so that nobody but himself can escape, the rulings in the county court have been conflicting.

It has been urged that the natural instinct to escape from prison is so strong that it could not have been intended to make the yielding to it a criminal offence. But we think this is a tenderness to the imprisoned which is not consonant with good sense, or the spirit of our laws for the prosecution of crime, or with justice. It is more than fair dealing and justice require.

The indictment is therefore held sufficient, but as the respondent asks leave to plead and to have a trial, a repleader is granted.